NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONGQING WANG,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.  14-73409

Agency No. A201-207-106

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016**

Before:   WALLACE, LEAVY, and FISHER, Circuit Judges.

Rongqing Wang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

We do not consider new evidence that was not part of the record before the agency. *See Fisher v. INS*, 79 F.3d 955, 963–64 (9th Cir. 1996) (en banc).

The record does not compel the conclusion that the mistreatment Wang suffered in China, even if credible, rose to the level of past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding [the court] must find that the evidence not only *supports* that conclusion, but *compels* it"). Substantial evidence also supports the agency's determination that Wang did not establish a well-founded fear of future persecution. *See Gu*, 454 F.3d at 1021-22. Thus, we deny the petition as to Wang's asylum claim.

Because Wang did not establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Wang failed to establish that he would more likely than not be tortured by or with the consent or acquiescence of a government official if returned to China.

2                                                                                   14-73409

*See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**